**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Starks FINCHER, Jr., Defendant— Appellant.**

**No. 11–7353.**

United States Court of Appeals, Fourth Circuit.

Submitted: April 23, 2012.

Decided: May 2, 2012.

Starks Fincher, Jr., Appellant Pro Se. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Before KING, GREGORY, and AGEE, Circuit Judges.

Dismissed in part; affirmed as modified in part by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Starks Fincher, Jr., filed a 28 U.S.C. § 2255 (West Supp.2011) motion, raising four claims. The district court denied relief on three claims. The court construed the fourth claim, in which Fincher sought retroactive application of a recent amendment to the United States Sentencing Guidelines, as an 18 U.S.C. § 3582(c)(2) (2006) motion for reduction of sentence. The court denied that motion. Fincher now appeals.

With respect to the § 2255 claims, the district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack,* 529 U.S. at 484–85, 120 S.Ct. 1595. We have independently reviewed the record and conclude that Fincher has not

made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss this portion of the appeal.

The district court denied relief on the § 3582(c) motion because Amendment 748 to the U.S. Sentencing Guidelines had not been declared retroactive at the time the court issued its order. Amendment 750, the successor to Amendment 748, became retroactive effective November 11, 2011. In light of this development, and in order to give Fincher the ability to raise his claim in a separate § 3582(c)(2) motion, this portion of the district court's order is modified to reflect that the motion is dismissed without prejudice to Fincher's right to file another § 3582(c)(2) motion. With this modification, we affirm the decision of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED AS MODIFIED IN PART.*